

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BENITA C. JACKSON AND CARA D. BOWLING, | ] ] ] |
| Plaintiff(s), | ] ] ] |
| vs. | ] CV-02-CO-1839-S ] ] |
| WINNER'S WORLD, INC. AND ALABAMA VENTURES LLC, | ] ] ] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION

I.  INTRODUCTION.

The court has for consideration defendant Alabama Venture's Motion for Partial Summary Judgment with respect to Plaintiffs' claims under Title VII of the Civil Rights Act of 1964, filed May 28, 2003. (Doc. #14). The plaintiffs' brought this claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, the Equal Pay Act of 1963 of the Fair Labor Standards Act, 29 U.S.C. § 206(d)(1), *et seq.* ("EPA") and various pendant state law claims. The plaintiff did not respond to the defendant's motion.[1]  Upon due consideration, the motion will be GRANTED.

---

[1] The court notes that Exhibit D to the Court's Initial Order, entered September 6, 2002 (Doc. #6) clearly established a briefing schedule for dispositive motions. The court also called the plaintiffs' attorney on June 30, 2003 asking if the plaintiffs intended to respond and never received a response.



II.  FACTS.

The plaintiffs were employed by Alabama Ventures, LLC ("AV"). AV solely addresses whether the court's subject matter is proper because it maintains that it does not employ at least fifteen (15) persons. Neither party has submitted supporting affidavits or other evidence.

III. STANDARD.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most

favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV. DISCUSSION.

The defendant AV maintains that the plaintiffs cannot establish that it is an "employer" for purposes of Title VII. Specifically, the plaintiffs have not established that it had fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year as required by 42 U.S.C. § 2000e(b). The Supreme Court has upheld dismissal of Title VII claims on the grounds of lack of subject matter jurisdiction where the matter at issue concerned whether particular parties qualified under the Title VII definition of "employer." *See Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 204 (1997).

In the Eleventh Circuit, the issue of whether an employer has fifteen employees is a jurisdictional issue. "[A] plaintiff must show that her 'employer' had fifteen or more employees for the requisite period provided under the statute before her Title VII claims can be reached." *Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1340-41 (11th Cir. 1999); *see also Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1268 (11th Cir. 2001). The defendant has not attached any affidavits or other supporting material, nevertheless as explained in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), the movant can meet its burden by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. The plaintiffs have not met their burden of proof and therefore the court grants the defendant's motion.

In conclusion, the court grants the defendant's motion for summary judgment because the plaintiffs have not proven that the defendant is an employer for purposes of Title VII.

V.    CONCLUSION.

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this ___24th___ of July, 2003.

                                          L. SCOTT COOGLER
                              UNITED STATES DISTRICT JUDGE

F:\WPDOCS\Coogler\CLERK1\Liz\Jackson   v.   Winner's   World (CV-02-CO-1839-S)(partial sj).wpd